## MEEKS *v.* LOFLEY.

*Simmons, C. J.*—1. Upon the trial of an issue of *devisavit vel non*, evidence that the propounder had been appointed guardian of a grandson of the alleged testatrix was irrelevant, but its admission was harmless error, the evidence being immaterial to the case.

2. Records from the ordinary's office showing that the alleged will had been admitted to probate in common form, that the propounder had been appointed administrator with the will annexed, and had qualified as such, contained matter relevant to the issue, and there was no error in admitting these records over an objection that they were "not competent evidence." It does not, as to the particular records just mentioned, appear that the question was raised that certified copies should have been offered instead of the original records, and therefore this question is not now presented for adjudication.

3. Although the paper propounded as a will recited that previous advances to a considerable amount had been made to the caveator, a son of the testatrix, there was no error in rejecting a ground of caveat alleging that she was laboring under the mistaken idea that the caveator had received advances from her when he had not done so, it appearing from other statements contained in the caveat that the advances referred to were the rents of certain land, as to the ownership of which there had been a dispute between the testatrix and caveator, and that he had finally yielded to her claim of title. The fact that the caveator received the rents was not brought in question by the caveat, and it merely showed there had been a difference

of opinion between him and the testatrix upon a question of title relatively to the land which produced these rents.

4. There was sufficient evidence to show the due execution of the will, and also to warrant the jury in finding that the testatrix, though illiterate, had knowledge of its contents when she signed it.                                    *Judgment affirmed.*

June 12, 1896.  By two Justices.  Argued at the last term.

Appeal.  Before Judge Fish.  Macon superior court. May term, 1895.

Lofley offered for probate in solemn form the will of Mrs. Margaret Meeks, alleging that A. H. Greer, the executor nominated in the will, having died before Mrs. Meeks, petitioner was appointed administrator with the will annexed. By the will testatrix left all her estate to her husband Allen Meeks during his life. She gave to her son James P. Meeks $5, stating that previous advances had been made to him of considerable amounts. She gave to her two daughters Margaret and Mary Cromer the whole of her estate in remainder after the death of Allen Meeks, except a small legacy to her son, and in the event of the death of either of the daughters before becoming possessed of the legacy, she provided that then the child or children, if any be living, of such deceased legatee, should be entitled to such legacy, and the same rule to apply in case they should both die. Caveat was interposed by James P. Meeks. There was a verdict for the propounder; a motion for a new trial made by the caveator was overruled and he excepted. The motion assigned error:

In admitting in evidence, over objection, the original order of the ordinary, appointing S. T. Lofley as guardian of John Cromer, for the purpose of showing the appointment of Lofley as guardian of John Cromer, minor son of Margaret Cromer, said order being identified only by the testimony of the clerk of the court of ordinary, showing that said order was a genuine original record from the ordinary's

office.    The objection was that it was not competent evidence, a certified copy being the proper and best evidence.

In admitting, over objection, the original record book purporting to be from the court of ordinary, containing the record of letters of administration with the will annexed, granted to S. T. Lofley, and Lofley's bond as administrator, for the purpose of showing the interest of Lofley as a pro-.pounder of the will; said record book being identified only by the testimony of the clerk of the court of ordinary, show-ing that it was the genuine original record from the ordi-nary's office.    Caveator's objection was that it was not competent evidence.    When the record and papers from the ordinary's office were offered, Mr. Perry testified that he was the clerk of the court of ordinary and knew the records and papers to be the genuine and original records and papers from the ordinary's court; that he brought them from the ordinary's office; but he was not the clerk of the court of ordinary at the time said records were made.

In striking caveator's amended caveat, on the ground that it was too vague, uncertain and indefinite and not sufficient in law.    (All the grounds of the original caveat had pre-viously been withdrawn.)    The grounds of amended ca-veat were:    (1) The will should not be established, be-cause at the time of making it Margaret Meeks was laboring under the mistaken idea that this defendant had received previous advances by and from her, "when in fact said ad-vances were the rents from this caveator's own land that this caveator afterwards unwillingly abandoned to testatrix, and which forms a part of the estate bequeathed.    Gave the same to said testatrix by abandoning the same to her." (2) "Then caveator left the State of Georgia on or about the —— day of ————, 1859, and returned in 1880 to see his said parents and collect rents due him from testatrix and her husband.    At the time of his said return a diffi-culty arose, under a misapprehension of the caveator's real rights as to said land, between caveator and said testatrix,

and he immediately returned to Texas, his former home, and said testatrix immediately made her will, while still mad with this defendant, and while she was unduly prejudiced against him by reason of said difficulty aforesaid."

The motion further alleges that the verdict was unsupported by law and evidence, as the evidence showed that testatrix was illiterate, and it did not appear that the will was read over to her or that she had knowledge from any source of its contents. The testimony showed that the three witnesses to the will were John M. Greer, clerk of the superior court and ordinary when the will was signed, W. M. Greer, and C. A. Greer; that the handwriting in the body of the will was that of A. H. Greer; that John M. Greer and W. M. Greer are both dead, and so is A. H. Greer who was the executor named in the will; that Mrs. Meeks could not read nor write, but could drive a good bargain, was a good business woman for an illiterate one, and in the opinion of several witnesses was considered sane and competent to make a will; that a number of years after the will was made it was found by C. A. Greer among other papers in the office of his father A. H. Greer, after his father's death, sealed up in an envelope with the words, "Last will and testament of Mrs. Margaret Meeks," written on the envelope in the handwriting of A. H. Greer; that C. A. Greer notified the heirs of Mrs. Meeks, and they came and got it. It further appears, that while C. A. Greer recognized the signature of the attesting witnesses to the will, and the handwriting in the body of the will, his recollection was very vague about the matter of the execution of the will, but after his recollection was refreshed he testified that his father called him and his brother W. M. Greer into his, A. H. Greer's, office where Mrs. Meeks was, and sent him after John M. Greer, then clerk of the superior court and ordinary; that they were all asked into his father's office where Mrs. Meeks was, to witness the will; that either she or his father in her presence asked him to witness

it; that he saw her make her mark to the will, and his recollection was that she and all the witnesses were present in the same office when she and they signed the will; and that the will was not read to her in his presence. There was further testimony, that in her last illness testatrix said she had separated her property as she wanted it, "and I want you children to see that Jim Meeks does not get anything and fight him to the last." She said nothing about her will, but what she said may have had reference to it. It does not appear that any of the beneficiaries under the will ever heard of the will until notified by Greer.

*E. H. Cutts, R. D. McLeod, J. A. Hixon* and *R. L. Greer,* for plaintiff in error.